[Cite as *Farber v. Ohio Dept. of Transp.*, 2010-Ohio-3638.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN FARBER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

    Case No. 2009-09329-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Susan Farber, filed this action against defendant, Department of Transportation (ODOT), contending her 2007 Saturn Ion was damaged as a proximate cause of negligence on the part of ODOT personnel in failing to maintain Montgomery Road (US 22) in Hamilton County free of defects. In her complaint, plaintiff pointed out the right front tire and rim on her car were damaged when the vehicle struck "a very deep pothole of substantial size" as she "passed the flashing traffic light where Miami Avenue intersects Montgomery Road." Plaintiff subsequently located the damage-causing pothole "along the southbound side of Montgomery Road (US 22) between the intersections of Miami Avenue and Dearwester Drive" adjacent to "the Seasons Retirement Community, 7100 or 7300 Dearwester Drive." Additionally, plaintiff submitted a document noting the location of the pothole "on southbound Montgomery Road between the intersections of Montgomery Road with Miami Avenue and with Kugler Mill Road." Plaintiff recalled the damage incident occurred "on November 20, 2009 in the evening (after dark)." Plaintiff further recalled the damage-causing pothole

was patched on November 25, 2009. Plaintiff seeks damage recovery in the amount of $678.94. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's November 20, 2009 described occurrence. Defendant located the pothole "at milepost 12.53 on US 22 in Hamilton County." Defendant explained ODOT records show no reports of a pothole on US Route 22 prior to November 20, 2009. Defendant argued plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to November 20, 2009. Defendant suggested "it is likely the pothole existed for only a short time before the incident."

{¶ 3} Furthermore, defendant contended plaintiff did not offer any evidence to prove the roadway was negligently maintained. Defendant related the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered in the vicinity of milepost 12.53 on US 22 the last time that section of roadway was inspected prior to November 20, 2009. Defendant's maintenance records show potholes were patched in the vicinity of plaintiff's incident on September 9, 2009.

{¶ 4} Plaintiff filed a response asserting defendant should have known of the presence of the pothole due to the fact that ODOT Hamilton County Manager conducts routine patrols of the state roadways within the county at least two times a month. Defendant denied having any knowledge of the pothole pursuant to inspecting the roadway. Plaintiff argued defendant did not properly inspect the roadway for potholes. Plaintiff reasoned defendant had notice of the pothole in the southbound lane of US 22 because the northbound lane of US 22 had been recently repaired "during late 2008 or early 2009." Plaintiff maintained the damage-causing pothole was present on the roadway due to the massive size of this defect. Plaintiff observed "[a] pothole of this size (16 inches wide and 36 inches long) . . . could not have been created" over a short period of time. Consequently, plaintiff argued defendant should have known of the existence of the pothole and failed to timely respond to correct the condition. However, plaintiff acknowledged "[i]t is true that the Plaintiff does not offer evidence as to the duration of the pothole, as the Plaintiff would have no knowledge of said duration."

Plaintiff also admitted she cannot produce any evidence "to confirm or deny" defendant's contention that no ODOT personnel had any knowledge of the particular pothole prior to November 20, 2009.

{¶ 5} Furthermore, plaintiff contended defendant was negligent in regard to roadway maintenance by not resurfacing the southbound lanes of US 22. Plaintiff expressed the opinion that "the southbound lanes also required repaving along this segment of US 22 where the pothole caused damage to the Plaintiff's car (from mile marker 12.0-12.8)." Plaintiff asserted that since the northbound lanes of US 22 had been resurfaced that fact should constitute evidence of the need for resurfacing the southbound lanes where her incident occurred.

{¶ 6} Plaintiff supplied photographs depicting the roadway surface after patching repairs had been made to the pothole her vehicle struck. The photographs show a roadway area where substantial pavement deterioration had occurred. The actual patch appeared to be intact from a review of the photographs submitted. Plaintiff also submitted photographs depicting the general roadway area where her damage incident occurred. The roadway shows some deterioration along the painted white roadway edge line.

{¶ 7} Plaintiff submitted an affidavit from James M. Farber, who was a passenger in plaintiff's car at the time of the property damage event. James M. Farber recalled the November 20, 2009 incident, and confirmed observing damage to plaintiff's car. James M. Farber did not provide any evidence to establish the length of time the pothole was on US 22 before November 20, 2009.

{¶ 8} Defendant filed a supplemental document. Defendant insisted ODOT did not receive any notice of the damage-causing pothole on US 22 until after plaintiff's November 20, 2009 damage occurrence.

{¶ 9} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced

furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 10} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 11} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on US Route 22 prior to the night of November 20, 2009.

{¶ 12} Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 13} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard,* 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to

constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the pothole.

{¶ 14} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on September 8, 2009 does not prove negligent maintenance of the roadway on the part of ODOT. Additionally, the fact some areas of US Route 22 were repaved and the area where plaintiff's incident occurred was not subject to resurfacing does not constitute negligent maintenance. Plaintiff has not produced sufficient evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove defendant maintained a known hazardous roadway condition. Plaintiff has failed to prove that her property damage was connected to any conduct under the control of defendant, defendant was negligent in maintaining the roadway area, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN FARBER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

     Defendant

     Case No. 2009-09329-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                                         _____
                                         DANIEL R. BORCHERT
                                         Deputy Clerk


Entry cc:


Susan Farber                      Jolene M. Molitoris, Director
10729 Lanyard Drive           Department of Transportation
Montgomery, Ohio  45242-4220   1980 West Broad Street
                                 Columbus, Ohio  43223

RDK/laa
3/2
Filed 3/25/10
Sent to S.C. reporter 8/6/10