[Cite as *Serafine v. Ohio Dept. of Transp.*, 2010-Ohio-4031.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CLIFFORD SERAFINE

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-09591-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}  Plaintiff, Clifford Serafine, filed this action against defendant, Department of Transportation (ODOT), alleging he suffered paint damage to his 2005 Ford F250XL truck as a proximate cause of negligence on the part of ODOT personnel in conducting a roadway painting operation on State Route 252 in Medina County.  Plaintiff recalled the paint damage incident occurred on November 7, 2009.  Plaintiff further recalled his truck was damaged with wet paint while he was traveling north on State Route 252 at some point between State Route 303 and State Route 82.  In his complaint, plaintiff provided the following description of his damage event stating:  "[t]he white lines painted were wet with no marking or warning about paint - I saw (ODOT) paint crew on lunch parked on side of road 11-7-09 SAT. around 12:30 in afternoon."  Plaintiff pointed out the white paint that adhered to his truck, "is very thick (and) rough."  Plaintiff submitted photographs depicting white paint damage to the right side of his truck from bumper to bumper.  Plaintiff requested damage recovery in the amount of $2,036.42, the total cost of removing paint and restoring his vehicle.  Plaintiff submitted a repair estimate dated November 19, 2009 reflecting the damage amount claimed.  The filing fee was paid.

**{¶ 2}** Defendant acknowledged ODOT personnel were painting white edge lines on State Route 252 in Medina County on November 7, 2009 from 7:30 a.m. to 2:30 p.m. According to defendant's submitted documentation, weather conditions on that date were 58 and sunny. Defendant explained three trucks were involved in the painting operation which is classified as "a moving work zone that comes under the authority of the Manual of Traffic Control for Construction and Maintenance Operations (Manual.)" Defendant insisted all traffic control requirements mandated by the Manual were observed during the course of the edge line painting. Defendant pointed out the "traffic control that was in effect for the paint operation in question included the lead paint truck, the paint striper, and a follow truck" along with "Wet Paint with arrow" sign. Defendant explained, "[t]he newly painted line behind the follow truck is 'dry' however the newly painted line between the paint striper and the follow truck may still be 'wet.'" Therefore, defendant suggested plaintiff, while traveling on State Route 252, received the paint damage to his truck when, "he passed the follow truck and 'tracked through' the newly painted edge line by getting behind the line marking machine or paint striper." Defendant asserted plaintiff was aware of the ODOT painting operation and failed to "heed the warning devices" in place. Defendant contended all Manual mandated traffic control was observed during the course of the painting operation and all safety precautions were in place to advise motorists of the painting activity. Defendant further contended ODOT did not breach any duty of care owed to motorists such as plaintiff when conducting the November 7, 2009 painting operation.

## CONCLUSIONS OF LAW

**{¶ 3}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 4}** Plaintiff has the burden of proof to show his property damage was the direct result of the failure of defendant's agents to exercise ordinary care in conducting roadway painting operations. *Brake v. Department of Transportation* (2000), 99-12545-AD. A failure to exercise ordinary care may be shown in situations where motorists do

not receive adequate or effective advisement of an ODOT painting activity. See *Hosmer v. Ohio Department of Transportation*, Ct. of Cl. No. 2002-08301-AD, 2003-Ohio-1921. In the instant claim, plaintiff asserted he did not discover defendant was conducting edge line painting until he drove past the paint crew pulled over to the berm of State Route 252 on a lunch break. Under this scenario, the paint that had been applied to the roadway should have been dry whenever vehicle contact was made.

{¶ 5} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his injury was proximately caused by defendant's negligence. Plaintiff has failed to show that his property damage was connected to any conduct under the control of defendant, that defendant was negligent in conducting the painting operation, or that there was any negligence on the part of defendant in regard to providing proper notification. *Roe v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-09872-AD, 2009-Ohio-3579; *Layfield v. Dept. of Transp.*, Ct. of Cl. No. 2008-10692-AD, 2009-Ohio-3776. Conversely, evidence directs the court to conclude plaintiff's own negligent driving was the cause of his property damage. Therefore, this claim is denied. See *Rolfes v. Ohio Dept. of Transportation*, Ct. of Cl. No. 2004-09941-AD, 2005-Ohio-840; *Delamatter v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-01355-AD, 2007-Ohio-6387.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CLIFFORD SERAFINE

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-09591-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Clifford Serafine
804 Thornwood Blvd.
Elyria, Ohio  44035

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
4/22
Filed 4/28/10
Sent to S.C. reporter 8/26/10