[Cite as *Thoren v. Ohio Dept. of Transp., Dist. 12*, 2010-Ohio-4790.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CYNTHIA L. THOREN

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DIST. 12

    Defendant

    Case No. 2010-02871-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Cynthia L. Thoren, filed this action against defendant, Department of Transportation (ODOT), contending her 2005 Dodge Neon was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition on State Route 44 in Geauga County. Plaintiff pointed out she sustained tire and wheel damage to her car when the vehicle struck "a rather large and deep pothole going over a bridge" on State Route 44 "a little south of the entrance to 422 E in Auburn Township." Plaintiff recalled the damage incident occurred on January 19, 2010 at approximately 3:05 p.m. Plaintiff requested damage recovery in the amount of $526.63, the cost of replacement parts and related repair expenses she incurred resulting from the reported January 19, 2010 incident when her car struck the pothole on State Route 44. In her complaint, plaintiff suggested the particular damage-causing pothole was patched that same day, because she recalled, "passing some trucks that looked like they had been working on the roads just before I hit the bad spot in the road." The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular pothole on the roadway prior to plaintiff's property damage occurrence.  Defendant related that ODOT phone logs show one complaint on October 6, 2009 of a pothole on "SR 44 SB 1.1 mile south of 1422 at LaDue overpass."  Defendant advised that particular pothole was patched the same day the complaint was received (October 6, 2009).  Defendant denied having any notice either actual or constructive of the pothole plaintiff's car struck on January 19, 2010, which ODOT located "at milepost 1.35 on SR 44 in Geauga County."  Defendant argued plaintiff did not offer any evidence to establish the length of time the pothole existed at milepost 1.35 prior to her damage event and therefore, suggested "it is likely the pothole existed for only a short time before the incident."  Defendant asserted plaintiff failed to prove her property damage was attributable to negligent maintenance on the part of ODOT.  Defendant explained that the ODOT "Geauga County Manager inspects all state roadways within the county at least two times a month."  Apparently no potholes were discovered in the vicinity of milepost 1.35 on State Route 44 the last time that section of roadway was inspected prior to January 19, 2010.  The claim file is devoid of any copies of roadway inspection records compiled by defendant's Geauga County Manager.  The maintenance record (copy submitted) show ODOT conducted pothole patching operations on State Route 44 in the vicinity of plaintiff's incident on October 6, 2009, December 31, 2009, and January 19, 2010, the day the described damage event occurred.  Pothole patching completed on January 19, 2010 was done at milepost 3.00.  Plaintiff, in her complaint, related the pothole her vehicle struck on State Route 44 "was a little south of the entrance to 422 E."  Defendant's submitted records locate the

entrance to US Route 422 at milepost 2.53 on State Route 44.

{¶ 3} Plaintiff filed a response disputing the contention that ODOT did not have notice of the pothole her car struck. Plaintiff noted the damage-causing pothole "went all the way across the bridge" on State Route 44 that spans US Route 422. Plaintiff reasserted that she noticed ODOT personnel conducting pothole patching on State Route 44 "a mile or so before the bridge." Plaintiff contended the fact ODOT personnel were in the area at the time of her incident constitutes sufficient evidence of notice to invoke liability on the part of defendant for her damage. Plaintiff also contended that the particular pothole existed for an extended period of time due to the immense size of the defect. Plaintiff implied defendant acted negligently in conducting roadway inspections.

{¶ 4} For plaintiff to prevail on a claim of negligence she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the

accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Evidence tends to indicate defendant in the instant claim had notice of the pothole plaintiff's car struck and failed to reasonably respond. The fact that ODOT crews were patching potholes on State Route 44 in the immediate vicinity of plaintiff's damage incident and at the same time as the damage incident constitutes evidence of notice. See *Lorek v. Ohio Dept. of Transp.* (1999), 99-06472-AD, also *Reaves v. Dept. of Transp.* (1999), 99-03449-AD. Based on the rationale of *Denis*, the court concludes defendant is liable to plaintiff for all damages claimed, $526.63, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CYNTHIA L. THOREN

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION, DIST. 12

Defendant

Case No. 2010-02871-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $551.63, which includes the filing fee.  Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Cynthia L. Thoren
1867 Sheridan Avenue N.E.
Warren, Ohio  44483

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
5/24
Filed 6/8/10
Sent to S.C. reporter 10/1/10