[Cite as *Williams v. Ohio Dept. of Transp.*, 2010-Ohio-6335.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DENNIS WILLIAMS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-06184-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Dennis Williams, filed this action against defendant, Department of Transportation (ODOT), contending that his 2002 Mercury Sable was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 in Cuyahoga County. In his complaint, plaintiff described the particular damage event noting that: "I was traveling N. Bound on I-71 exiting off I-71 to 490 Exit I hit a chuck hole which broke my Rt. front strut, spring, mount damaged tire." In his complaint, plaintiff recorded that the damage incident occurred "[o]n Saturday April 27, 2010 4:35 p.m." Plaintiff seeks recovery of damages in the amount of $907.20, the cost of replacement parts and related repair expenses he incurred on April 7, 2010 when he paid to have his car repaired. When the 2002 Mercury Sable was received for repair on March 29, 2010 the vehicle had an odometer reading of 114,416 miles. The filing fee was paid. Defendant advised that plaintiff reported his damage incident occurred on Saturday, March 27, 2010 at approximately 4:34 p.m. and he telephoned ODOT on April 5, 2010 to complaint that his car was damaged by "potholes while on the ramp from 71 NB to 480 EB."

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of any roadway defects on Interstate 71 prior to plaintiff's March 27, 2010 incident. Defendant related that ODOT's "investigation indicates that the location of Plaintiff's William's incident would be at approximately state milepost 247.53 or county milepost 18.87 on I-71 in Cuyahoga County." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location despite the fact that "[t]his section of roadway has an average daily traffic count" of over 133,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that any pothole existed in the vicinity of milepost 247.53 on Interstate 71 prior to 4:35 p.m. on March 27, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

**{¶ 3}** Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to March 27, 2010. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant asserted that "I-71 was in good condition at the time and in the general vicinity of plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that three (3) pothole patching operations were conducted in the general vicinity and the last repair was on February 5, 2010." Earlier patching operations were performed on December 22, 2009 and January 15, 2010. The submitted "Maintenance History" reflects pothole patching operations and no other activity. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

**{¶ 4}** Plaintiff filed a response asserting that the pothole his vehicle struck "still exists (with no sign of asphalt repair)." Plaintiff did not offer any evidence to establish the length of time the particular pothole existed prior to 4:35 p.m. on March 27, 2010.

**{¶ 5}** For plaintiff to prevail on a claim of negligence, he must prove, by a

preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the potholes on Interstate 71 prior to the afternoon of March 27, 2010.

{¶ 8} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defects. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v.*

*Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DENNIS WILLIAMS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-06184-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Dennis Williams
3817 Brendan Lane #6
N. Olmsted, Ohio  44070

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street

Columbus, Ohio  43223

RDK/laa
7/15
Filed 9/8/10
Sent to S.C. reporter 12/17/10