[Cite as *Meyer v. Ohio Dept. of Transp.*, 2010-Ohio-6630.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT E. MEYER

 Plaintiff

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

 Case No. 2010-07628-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} On February 14, 2010, at approximately 7:45 p.m., plaintiff, Robert E. Meyer, was traveling west on State Route 125 in Clermont county "near the 7.0 mile post just before the village limits for the Village of Amelia," when his 2007 Mercedes Benz C280W struck a pothole causing tire, rim, and bumper damage to the vehicle. Plaintiff contended the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff asserted ODOT, "either knew or should have known of said dangerous condition in roadway and failed to either warn or make said dangerous condition safe." Plaintiff filed this complaint seeking to recover $1,083.65, the cost of replacement parts and related repair expenses. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular pothole on the roadway prior to plaintiff's property damage occurrence. Defendant advised the pothole plaintiff's vehicle struck was located "between mileposts 6.89 and 8.00 on SR 125 in Clermont County."

Defendant denied receiving any calls or complaints regarding a pothole at that location on State Route 125 prior to plaintiff's February 14, 2010 property damage event. Defendant suggested, "it is likely the pothole existed for only a short time before the incident." Furthermore, defendant asserted plaintiff did not produce any evidence to prove his property damage was caused by negligent maintenance. Defendant explained the ODOT "Clermont County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered between mileposts 6.89 and 8.00 on State Route 125 the last time that section of roadway was inspected prior to February 14, 2010. The claim file is devoid of any inspection record. Defendant's submitted "Maintenance Records" show ODOT crews patched potholes in the vicinity of plaintiff's incident on January 19, 2010 and January 26, 2010.

**{¶ 3}** Plaintiff filed a response contending defendant "either knew or should have known about the pothole that caused the damage." Plaintiff recorded the particular area of State Route 125 "is heavily patrolled by the State Highway Patrol, Clermont County Sheriff, and the Amelia Police Department." Additionally, plaintiff noted ODOT crews were conducting snow removal operations on State Route 125 earlier in the day on February 14, 2010. Plaintiff asserted the ODOT personnel removing snow on State Route 125 should have discovered the pothole located between mileposts 6.89 and 8.00. Plaintiff further asserted he was informed by Ohio State Patrol Officer Christopher Krantz, who investigated the February 14, 2010 property damage incident, that ODOT had been notified of the pothole earlier in the day on February 14, 2010 and did not respond. Plaintiff submitted an affidavit from Rebecca C. Myer, a witness to the damage event and aftermath, who wrote: "Krantz told both me and Robert Meyer that ODOT had been made aware of the pothole but that they could not get someone out to repair the pothole until 11:00 the next day (February 15, 2010)." Both plaintiff and Rebecca C. Meyer noted the particular damage-causing pothole was large. Defendant denied receiving any reports about the pothole from any entity prior to plaintiff's property damage event. Plaintiff did not provide a statement from Officer Christopher Krantz.

**{¶ 4}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy*

*Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which ti has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. The evidence is inconclusive that defendant had actual notice of the pothole on State Route 125 prior to the evening of February 14, 2010.

{¶ 7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio

Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole despite the contention ODOT crews may have conducted snow removal operations on State Route 125 at sometime prior to 7:45 p.m. on February 14, 2010.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT E. MEYER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-07628-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Robert E. Meyer
P.O. Box 576
302 Liming Farm
Mt. Orab, Ohio  45154

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
9/7

Filed 10/12/10
Sent to S.C. reporter 1/21/11