## URBINA

v.

## OHIO DEPARTMENT OF TRANSPORTATION.

2004-Ohio-2380.]

Court of Claims of Ohio.

No. 2003–11771–AD.

Decided April 26, 2004.

Nicole Urbina, pro se.

Gordon Proctor, Director, Ohio Department of Transportation, for defendant.

**2**

DANIEL R. BORCHERT, Deputy Clerk.

## FINDINGS OF FACT

{¶ 1} On July 21, 2003, at approximately 8:15 a.m., plaintiff, Nicole M. Urbina, was traveling south on Interstate 75 in Lucas County, through a roadway construction zone, "when something in the road" punctured the right front tire of plaintiff's vehicle. Plaintiff related that the roadway was "very rigid and uneven" in this area apparently due to recent repaving operations. Additionally, plaintiff explained, "you could feel and hear the roughness in the road." After the incident plaintiff filed an information request with S.E. Johnson Companies, a contractor who was repaving Interstate 75 at the time of the July 21, 2003 incident. Plaintiff filed this information request on November 5, 2003. Subsequently, plaintiff filed this complaint against defendant, Ohio Department of Transportation ("ODOT"), alleging that the July 21, 2003 property damage to her vehicle was the result of negligent roadway maintenance on the part of ODOT. Plaintiff seeks $470 in damages, her total cost of automotive repair and filing fees.

{¶ 2} Defendant acknowledged that the area where plaintiff's damage occurred (I–75 South between Washington and South Maumee exits) was located within a construction area under the control of ODOT contractor, S.E. Johnson Companies. Defendant further acknowledged that S.E. Johnson Companies was working on Interstate 75 on July 21, 2003, placing tack, asphalt, and drilling. Defendant asserted that S.E. Johnson Companies, by contractual agreement, was responsible for maintaining the roadway within the construction area. Therefore, ODOT argued that S.E. Johnson Companies is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove that her damage was proximately caused by roadway conditions created by ODOT or its contractor.

## CONCLUSIONS OF LAW

{¶ 3} The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent

contractor charged with roadway construction. See *Cowell v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003–09343–AD, 2004-Ohio-151, 2004 WL 67230.

{¶ 4} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335, 3 O.O.3d 413, 361 N.E.2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Somerford Twp.* (1996), 112 Ohio App.3d 189, 678 N.E.2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App.3d 723, 588 N.E.2d 864.

{¶ 5} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Dept. of Transp.* (1999), Ct. of Cl. No. 99–07011–AD.

{¶ 6} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that a dangerous condition was created by any conduct under the control of defendant, that defendant was negligent in maintaining the construction area, or that there was any negligence on the part of defendant or its agents. *Taylor v. Transp. Dept.* (1988), Ct. of Cl. No. 97–10898–AD; *Weininger v. Dept. of Transp.* (1999), Ct. of Cl. No. 99–10909–AD; *Witherell v. Ohio Dept. of Transp.* (2000), Ct. of Cl. No. 2000–04758–AD. Consequently, plaintiff's case is denied.

{¶ 7} Having considered all of the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Judgment for defendant.