[Cite as *Hollan v. Ohio Dept. of Transp.*, 2010-Ohio-1956.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES HOLLAN

> Plaintiff

> v.

OHIO DEPARTMENT OF TRANSPORTATION

> Defendant

> Case No. 2009-07989-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1}   Plaintiff, Charles Hollan, filed this action against defendant, Department of Transportation (ODOT), alleging his 2008 Chevrolet Silverado received paint damage while traveling on State Route 252 when ODOT personnel were applying fresh edge line paint to the roadway on September 16, 2009.  Plaintiff pointed out he was traveling south on State Route 252 in Lorain County and had crossed into Medina County near Grafton Road when he observed the ODOT paint striping operation at approximately 10:00 a.m.  Plaintiff related "I turned west on Grafton, (completed) my (business) and came home and at that time I saw the white paint on the passenger side of my new 2008 Silverado [t]ruck."  Plaintiff asserted he did not notice any warning signs such as "Wet Paint" when he approached the edge line painting activity on State Route 252 near Grafton Road.  Plaintiff noted his truck had paint damage on the passenger side, wheel wells, and tires, as well as the rear bumper.  Plaintiff contended the paint damage to his vehicle was proximately caused by negligence on the part of ODOT personnel in failing to adequately warn him of the moving painting operation on September 16, 2009.

Consequently, plaintiff filed this complaint seeking to recover damages in the amount of $1,785.11, the cost of paint removal. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant acknowledged ODOT personnel were painting white edge lines on State Route 252 in both Lorain and Medina Counties on September 16, 2009 from 8:30 a.m. to 11:45 a.m. Defendant explained three trucks were involved in the painting operation which is classified as "a moving work zone that comes under the authority of the Manual of Traffic Control for Construction and Maintenance Operations (Manual)." Defendant insisted all traffic control requirements mandated by the Manual were observed during the course of the edge line painting. Defendant pointed out the "traffic control that was in effect for the paint operation in question included the lead paint truck, the paint striper, and a follow truck" along with "Wet Paint" signs posted throughout the painting area on State Route 252. Defendant further explained that during a moving painting operation the trail vehicle "was functioning in the appropriate manner by preventing traffic from entering the striping operation." Defendant advised plaintiff noted in his complaint "I saw the road striping truck ahead," thereby admitting he was aware of the painting procedures. Defendant contended all Manual mandated traffic control was observed during the course of the painting operation and all safety precautions were in place to advise motorists of the painting activity. Defendant further contended ODOT did not breach any duty of care owed to motorists such as plaintiff when conducting the September 16, 2009 painting operation.

{¶ 3} Defendant submitted a statement from ODOT Highway Technician, Steve Young, who was involved in the painting activity. Young provided the following description of the operation:

{¶ 4} "On September 16th were painted on State Route 252 in Lorain County between 0830 am and 1100 am. We were painting white edge line temperature was between 65 degrees and 70 degrees. We had wet paint with right arrow pointing down and edge line painting on the follow truck, which was between 1000' and 1500' behind the striper. Log point were 0 to 5.5.

{¶ 5} "We also painted State Route 252 in Medina County between the 1 and the 5. These were just spot patches on both routes. We had the same set up with the trucks in Medina. The time was 1100 am to 1145 am."

{¶ 6} Plaintiff filed a response observing "Rt. 252 is very windy and hilly in this area" where he encountered the painting operation. Plaintiff recorded "at the point I noticed the painting crew, (there) is a sharp bend in the road (and) [a]t that point (there) is less than two tenth(s) of a mile between (the) bend (and) Grafton Rd." Plaintiff again asserted there were no warning signs on State Route 252 to advise motorists of the painting operation.

## CONCLUSIONS OF LAW

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} Plaintiff has the burden of proof to show his property damage was the direct result of the failure of defendant's agents to exercise ordinary care in conducting roadway painting operations. *Brake v. Department of Transportation* (2000), 99-12545-AD. A failure to exercise ordinary care may be shown in situations where motorists do not receive adequate or effective advisement of an ODOT painting activity. See *Hosmer v. Ohio Department of Transportation*, Ct. of Cl. No. 2002-08301-AD, 2003-Ohio-1921. In the instant claim, plaintiff has acknowledged he discovered defendant was conducting edge line painting and apparently drove over fresh paint on the roadway edge line after having full knowledge of the operation.

{¶ 9} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his injury was proximately caused by defendant's negligence. Plaintiff has failed to show that his property damage was connected to any conduct under the control of defendant, that defendant was negligent in conducting the painting operation, or that there was any negligence on the part of defendant in regard to providing proper notification. *Roe v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-09872-AD, 2009-Ohio-3579; *Layfield v. Dept. of Transp.*, Ct. of Cl. No. 2008-10692-AD, 2009-Ohio-3776. Conversely, evidence directs the court to conclude plaintiff's own negligent driving was the cause of his property damage. Therefore, this claim is denied. See *Rolfes v. Ohio Dept. of Transportation*, Ct. of Cl.

No. 2004-09941-AD, 2005-Ohio-840; *Delamatter v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-01355-AD, 2007-Ohio-6387.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES HOLLAN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-07989-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Charles Hollan
18338 South Boone Road
Columbia Station, Ohio  44028

RDK/laa
12/16
Filed 1/7/10
Sent to S.C. reporter 4/30/10

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223