[Cite as *Gragg v. Ohio Dept. of Transp.*, 2011-Ohio-3773.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LESLIE GRAGG

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-11412-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

MEMORANDUM DECISION

{¶ 1} Plaintiff, Leslie Gragg, asserted that she suffered property damage to her automobile on August 25, 2010, while traveling through a roadway construction zone on State Route 20 in Painesville Township. Specifically, plaintiff maintained that her car was damaged when she drove over a recently repaved roadway area and the paving material ("asphalt coating or tar") adhered to the tires of her car. Plaintiff related that the "road workers waved me through the one lane that was open. After driving through, there was tar coating my tires. This caused my steering wheel to shake and hard to control."

{¶ 2} Plaintiff contended that defendant, Department of Transportation ("DOT"), should bear liability for her property damage caused by the roadway paving material. Therefore, plaintiff filed this complaint seeking to recover $591.91, an amount

representing the replacement cost for four tires. Plaintiff submitted photographs depicting the damage to her tires. The photographs show a black, chunky tar-like substance adhered to the tires. The damage-causing substance appears to be roadway paving material. The filing fee was paid.

{¶ 3} Defendant acknowledged that the area where plaintiff stated her damage event occurred (State Route 20 approaching State Route 535) was located within a roadway construction zone. Defendant explained that this section of State Route 20 was under the control of DOT contractor, Chagrin Valley Paving, Inc. Defendant maintained that neither DOT nor Chagrin Valley Paving were aware of any problems with roadway pavement conditions on State Route 20 prior to plaintiff's stated incident. In fact, defendant noted that Chagrin Valley Paving first learned of plaintiff's alleged incident on December 1, 2010, after plaintiff filed her complaint in this court. Despite the fact that over 12,000 vehicles normally travel on the particular portion of State Route 20 in the course of a day, defendant denied receiving any complaints other than plaintiff's complaint concerning roadway conditions on August 25, 2010, in the construction project on State Route 20, near State Route 535.

{¶ 4} Defendant has contended that DOT has no responsibility for damage incidents occurring in a construction zone under the control of a contractor. Defendant asserted that Chagrin Valley Paving, by contractual agreement, was responsible for maintaining the roadway within the construction area. Therefore, DOT argued Chagrin Valley Paving is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects, were delegated when an independent contractor takes control over a particular roadway section. Nevertheless, the duty of DOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. DOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. See *Cowell v. Ohio Department of Transportation* (2004), 2003-09343-AD, jud, 2004-Ohio-151. Furthermore, despite defendant's contentions that DOT did not owe any duty in regard to the construction project, defendant was charged with a duty to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 8, 2001), Franklin App. 00AP-1119.

{¶ 5} In addition, defendant maintained that Chagrin Valley Paving placed asphalt coating material only on the outermost lanes of State Route 20 and left the innermost lanes available for travel. (Photographs submitted.) Thus, in order for plaintiff to have tar on all four tires, she must have driven on an area not designated for travel, and not at the direction of project personnel. Defendant contended that plaintiff failed to prove her damage was caused by any act or omission on the part of DOT or its agents.

{¶ 6} Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E.2d 1179. Plaintiff, however, has not produced sufficient evidence to show her damage was proximately caused by roadway repavement activities.

{¶ 7} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 361 N.E.2d 486. However, defendant is not an insurer of the safety of its highway. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E.2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E.2d 864.

{¶ 8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E.2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by DOT to the traveling public under both normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E.2d 462, *Foglesong v. Dept. of Transp.*, Ct. of Cl. No. 2005-10284-AD, 2006-Ohio-7152. Plaintiff, in the instant claim, has failed to prove that defendant or its agents breached any duty of care which resulted in property damage. Consequently, this claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LESLIE GRAGG

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-11412-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Leslie Gragg
5805 Canyon Ridge Drive
Painesville, Ohio 44077

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
3/24
Filed 4/13/11
Sent to S.C. reporter 7/29/11