[Cite as *Insana v. Ohio Dept. of Transp.*, 2011-Ohio-3859.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MONICA INSANA

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

      Defendant

      Case No. 2010-11943-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## MEMORANDUM DECISION

{¶ 1} Plaintiff, Monica Insana, states her husband was driving "west on Rt. 2 where there is heavy construction" on September 28, 2010, at approximately 6:15 p.m. and that he felt he ran over something about one half mile before "the 91 exit." Plaintiff relates that within a few seconds "he had a complete flat tire." Plaintiff later learned the tire could not be repaired in that it had been punctured by the handle of a tool.

{¶ 2} Plaintiff asserts that the damage to her vehicle was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), for leaving a tool on the road in the construction area. Plaintiff seeks damages in the amount of $152.04 for a replacement tire plus $ 25.00 for filing fee reimbursement. The filing fee was paid.

{¶ 3} Defendant denied liability in this matter contending it did not have any knowledge concerning debris on SR 2 prior to plaintiff's property-damage incident. Defendant determined the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of DOT contractor, Anthony

Allega Cement Contractor/Great Lakes Construction (Allega). Defendant explained the construction project dealt "with grading, draining, paving * * * , noise barrier, reinforced concrete retaining walls, * * * between mileposts 3.32 and 7.75 on SR 2 in Lake County." Defendant contended Allega, by contractual agreement, was responsible for maintaining the roadway within the construction zone and consequently DOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Therefore, DOT argues Allega is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway.

{¶ 4} Furthermore, defendant contended plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by negligence on the part of DOT or its contractor.

{¶ 5} Plaintiff did not file a response.

{¶ 6} Defendant submitted an email response from Allega denying any responsibility for the tool left in the roadway. According to the email, Allega was not working at all on September 28, 2010, due to heavy rains and inclement weather. Allega's representative suggested that the tool "fell from a passing vehicle since no one had encountered this hazard throughout the workday."

{¶ 7} Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E.2d 1179. Plaintiff, however, has not produced sufficient evidence to show defendant had notice of the tool on the roadway prior to her husband's damage-causing event.

{¶ 8} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 361 N.E.2d 486. However, defendant is not an insurer of the safety of its highway. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E.2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E.2d 864.

{¶ 9} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT acted

in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E.2d 112. In fact the duty to render the highway free from unreasonable risk of harm is the precise duty owed by DOT to the traveling public under both normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E.2d 462, *Foglesong v. Dept. of Transp.*, Ct. of Cl. No. 2005-10284-AD, 2006-Ohio-7152. Plaintiff, in the instant claim, has failed to prove defendant or its agents breached any duty of care which resulted in property damage. Consequently, this claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MONICA INSANA

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

    Defendant

    Case No. 2010-11943-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Monica Insana
5628 Walnut Street
Mentor on the Lake, Ohio  44060

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
4/7
Filed 4/25/11
Sent to S.C. reporter 8/5/11