[Cite as *Shifflett v. Ohio Dept. of Transp.*, 2011-Ohio-6901.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TRACY SHIFFLETT

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2011-05637-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Tracy Shifflett, filed this action against defendant, Ohio Department of Transportation (ODOT), contending that she was driving west on State Route 2 when she struck a piece of cement with the passenger front tire. Plaintiff recalled that the incident occurred on February 28, 2011, at approximately 7:00 p.m.

{¶2} Plaintiff asserts that the damage to her vehicle was proximately caused by negligence on the part of ODOT and she seeks damages in the amount of $196.45 for a replacement tire. The filing fee was paid.

{¶3} Defendant denied liability in this matter contending it did not have any knowledge concerning debris on SR 2 prior to plaintiff's property-damage incident. Defendant determined the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of DOT contractor, Anthony Allega Cement Contractor/Great Lakes Construction (Allega). Defendant explained the construction project dealt "with grading, draining, paving * * * , noise barrier, reinforced concrete retaining walls, * * * between mileposts 3.32 and 7.75 on SR 2 in Lake County." Defendant contended Allega, by contractual agreement, was responsible for maintaining the roadway within the construction zone and consequently ODOT had no

responsibility for any damage or mishap on the roadway within the construction project limits. Therefore, ODOT argues Allega is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway.

{¶4} Furthermore, defendant contended plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by negligence on the part of ODOT or its contractor.

{¶5} Plaintiff did not file a response.

{¶6} Defendant submitted an email response from Allega denying any responsibility for the damage. According to the email, Allega was not working at all on westbound SR 2 on February 28, 2011, due to the inclement weather. Allega's representative contended that it was never notified of the debris on the day plaintiff encountered it or the next day. Allega denied having any notice of the hazard in the roadway prior to plaintiff's incident.

{¶7} Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E.2d 1179. Plaintiff, however, has not produced sufficient evidence to show defendant had notice of the debris on the roadway prior to her damage-causing event.

{¶8} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 361 N.E.2d 486. However, defendant is not an insurer of the safety of its highway. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E.2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E.2d 864.

{¶9} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683

N.E.2d 112. In fact the duty to render the highway free from unreasonable risk of harm is the precise duty owed by DOT to the traveling public under both normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E.2d 462, *Foglesong v. Dept. of Transp.*, Ct. of Cl. No. 2005-10284-AD, 2006-Ohio-7152. Plaintiff, in the instant claim, has failed to prove defendant or its agents breached any duty of care which resulted in property damage. Consequently, this claim is denied.

Court of Claims of Ohio
The Ohio Judicial Center
65 South Front Street, Third Floor

Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TRACY SHIFFLETT

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant


Case No. 2011-05637-AD

Acting Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                                 _____
                                 DANIEL R. BORCHERT
                                 Acting Clerk


Entry cc:


Tracy Shifflett                     Jerry Wray, Director
38542 Wood Road              Department of Transportation
Willoughby, Ohio  44094       1980 West Broad Street
                               Columbus, Ohio  43223

7/26
Filed 8/11/11
Sent to S.C. reporter 1/3/12