**[Cite as *Waitt v. Ohio Dept. of Transp.*, 2020-Ohio-2839.]**

| | |
|---|---|
| ALDEN WAITT | Case No. 2019-00989AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1} Alden Waitt ("plaintiff") filed this claim against the Ohio Department of Transportation ("ODOT"), to recover damages which occurred when her 2007 Subaru Forester drove through wet tar on May 2, 2019, while traveling on State Route ("SR") 104 between Stringtown Road and White Road in Franklin County, Ohio. This road is a public road maintained by ODOT. Plaintiff's vehicle sustained damages in the amount of $561.69. Plaintiff submitted the $25.00 filing fee with the form complaint.

{¶2} Plaintiff alleges the area where plaintiff had her accident was a construction zone. Further, plaintiff claims ODOT had contracted with Strawser Paving Company to do certain construction work on this section of SR 104 between Stringtown Road and White Road in Franklin County.

{¶3} In the Investigation Report, ODOT indicates that the incident involving plaintiff's vehicle occurred on SR 104 between Stringtown Road and White Road in Franklin County between mile markers 4.4 and 4.9. The agency states that there was no ongoing construction project being undertaken by ODOT in that area. Additionally, the agency maintained that it was not aware of any wet tar in that area immediately prior to plaintiff's accident. However, the agency never specifically states whether Strawser Paving Company, or any other hired contractor, was performing work for ODOT on the date of the incident.

{¶4} In general, defendant has a duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation*, 49 Ohio App.2d 335, 361 N.E.2d 486 (10th Dist. 1976). However, defendant is not an absolute insurer of the safety of its highways. See *Kniskern v. Township of Somerford*, 112 Ohio App.3d 189, 678 N.E.2d 273 (10th Dist. 1996); *Rhodus v. Ohio Dept. of Transp.*, 67 Ohio App.3d 723, 588 N.E.2d 864 (10th Dist. 1990). Generally, a defendant is only liable for roadway conditions of which it has notice of but fails to correct. *Bussard v. Dept. of Transp.*, 31 Ohio Misc.2d 1, 507 N.E.2d 1179 (Ct. of Cl. 1986).

{¶5} In a case where there is a hired contractor, the duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud. 2004-Ohio-159.

{¶6} There are some circumstances in which ODOT may not be liable for the damage to plaintiff's vehicle. *See Gore v. Ohio Department of Transportation*, 10th Dist. No. 02AP-996, 2003-Ohio-1648. In *Gore*, the facts involved mowing operations performed by an independent contractor. The Court of Appeals in *Gore* found that grass cutting "is not the kind that cannot be accomplished without inherent risk of harm to others, nor is it a type that in the ordinary course of performing it harm would be expected. *Rodic v. Koba*, 8th Dist. No. 77599, 2000 Ohio App. LEXIS 5715 (Dec. 7, 2000). ODOT had no reason to believe that the work, if done properly, would cause injury to anyone. 2000 Ohio App. LEXIS 5715 at *10. ODOT can contract with independent contractors and should require independent contractors to carry sufficient insurance to cover whatever liability risks are involved. Stated in the words of the third assignment of error, we believe that the duty to cut grass on interstate highways is 'delegable to [an] independent contractor' and that no liability arises from such

delegation, including the obligation to look for movable objects before mowing an area." *Gore* at ¶ 31.

{¶7}    However, *Gore* went on to state, "Work is inherently dangerous when it creates a peculiar risk of harm to others unless special precautions are taken."  See *Covington & Cincinnati Bridge Co. v. Steinbrock & Patrick,* 61 Ohio St. 215, 55 N.E. 618, (1899) paragraph one of the syllabus; *2 Restatement of the Law 2d, Torts,* Section 427; *Prosser & Keeton* at 512-513, Section 71.   Under those circumstances, the employer hiring the independent contractor has a duty to see that the work is done with reasonable care and cannot, by hiring an independent contractor, insulate himself or herself from liability for injuries resulting to others from the negligence of the independent contractor or its employees.  *Covington* at paragraph one of the syllabus.

{¶8}    "To fall within the inherently-dangerous-work exception, it is not necessary that the work be such that it cannot be done without a risk of harm to others, or even that it be such that it involves a high risk of such harm.  It is sufficient that the work involves a risk, recognizable in advance, of physical harm to others, which is inherent in the work itself."  *2 Restatement of the Law 2d, Torts,* at 416, Section 427, Comment b.

{¶9}    "The inherently-dangerous-work exception does apply, however, when special risks are associated with the work such that a reasonable man would recognize the necessity of taking special precautions.  The work must create a risk that is not a normal, routine matter of customary human activity, such as driving an automobile, but is rather a special danger to those in the vicinity arising out of the particular situation created and calling for special precautions.  *2 Restatement of the Law 2d, Torts,* at 385, Section 413*,* Comment b; *Prosser & Keeton* at 513-514, Section 71.' Id."  *Gore* at ¶ 20, 21 & 23.

{¶10}  Thus, any claim that liability for any damages, occurrences, or mishaps is imputed to Strawser Paving Company, or any other hired independent contractor, is without merit as this court has already determined construction work is an inherently

dangerous activity. However, in order for the plaintiff to prevail on a claim for damage to motor vehicles while traveling in a construction zone, the court may only pass judgment on whether the plaintiff has shown that ODOT breached its duty to the public in managing the contractor and ensuring the safety of the public within the construction zone. ODOT could be found negligent in this type of case only if it failed to properly manage the contractor by reasonably inspecting the construction site and the work performance of the contractor, or if the agency knew or should have known about the condition that damaged plaintiff's vehicle and failed to manage the contractor.

{¶11} Given plaintiff's undisputed claim that an unmarked vehicle was performing paving activities on an area of road which ODOT has jurisdiction, the Court finds that it is more likely than not that plaintiff drove through an active construction zone. As we consider whether ODOT breached its duty to the public in keeping the construction area safe, the court must take into account that this was an active construction zone. Ohio law is clear that ODOT cannot guarantee the same level of safety during a highway construction project as it can under normal traffic conditions. *Feichtner v. Ohio Dept. of Transp.*, 114 Ohio App.3d 346, 354, 683 N.E.2d 112 (1995). The test is whether, under the totality of the circumstances, "ODOT acted sufficiently to render the highway reasonably safe for the traveling public during the construction project." *Basilone v. Ohio Dept. of Transp.*, 1st Dist. No. 00AP-811, 2001 WL 118602 (Feb. 13, 2001) citing *Feichtner*, and *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.*, 49 Ohio App.3d. 129, 551 N.E.2d 215 (1988).

{¶12} Plaintiff filed a response to defendant's Investigation Report.

{¶13} Having considered the evidence in the claim file, the court finds the plaintiff has submitted sufficient evidence that, under the totality of the circumstances, ODOT failed to properly manage an independent contractor's work performance which resulted in property damage to plaintiff's vehicle. The court finds defendant liable to plaintiff in the total amount of $561.69, plus the $25.00 filing fee which may be

reimbursed as compensable damages pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio Misc.2d 19, 587 N.E.2d 990 (Ct. of Cl. 1990).

| | |
|---|---|
| ALDEN WAITT | Case No. 2019-00989AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶14} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of the plaintiff in the amount of $586.69, which includes the reimbursement of the $25.00 filing fee. Court costs are assessed against defendant.


DANIEL R. BORCHERT
Deputy Clerk

Filed 3/26/20
Sent to S.C. reporter 5/7/20