[Cite as *White v. Ohio Dept. of Transp.*, 2023-Ohio-3255.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| BAMA R. WHITE | Case No. 2023-00033AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1} Bama White ("plaintiff") filed this claim against the Ohio Department of Transportation ("ODOT or defendant"), to recover damages which occurred when plaintiff's 2014 Nissan Maxima S struck a tire on October 7, 2022, while traveling northbound on Interstate Route ("IR") 270, in the center lane at mile marker 43, in Franklin County, Ohio. This road is a public road maintained by ODOT. Plaintiff's vehicle sustained damages in the amount of $1,357.25. Plaintiff seeks $250.00 for vehicular damage and $1,107.25 in rental car fees. Plaintiff submitted the $25.00 filing fee with the form complaint.

{¶2} The evidence in this case reveals that the area where plaintiff had the accident was a construction zone. ODOT had contracted with Shelly & Sands, Inc. to do certain construction work on this section of IR 270 in Franklin County.

{¶3} In the investigation report, ODOT indicates that the incident involving plaintiff's vehicle occurred on IR 270 in Franklin County at state and county mile marker 43.0. ODOT reiterates that this area was part of an ongoing construction project being undertaken by Shelly & Sands, Inc. ODOT maintains that it was not aware of any tires in the construction area immediately prior to plaintiff's accident.

{¶4} Plaintiff filed a response to the investigation report on June 12, 2023.

**{¶5}** Defendant has a duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Dept. of Transp.*, 49 Ohio App.2d 335, 339, 361 N.E.2d 486 (10th Dist. 1976). However, defendant is not an absolute insurer of the safety of its highways. *Kniskern v. Twp. of Somerford*, 112 Ohio App.3d 189, 678 N.E.2d 273 (10th Dist. 1996); *Rhodus v. Ohio Dept. of Transp.*, 67 Ohio App.3d 723, 730, 588 N.E.2d 864 (10th Dist. 1990). Generally, defendant is only liable for roadway conditions of which it has notice of but fails to correct. *Miller v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 13AP-849, 2014-Ohio-3738.

**{¶6}** Defendant asserts that Shelly & Sands, Inc., by contractual agreement, was responsible for roadway damages, occurrences, or mishaps within the construction zone. Therefore, ODOT argues that Shelly & Sands, Inc. is the proper party defendant in this action.

**{¶7}** The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-09343-AD, jud. 2004-Ohio-159.

**{¶8}** Defendant relies on the holding in *Gore v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 02AP-996, 2003-Ohio-1648, to assert it is not liable for the damage to plaintiff's vehicle caused by the tire in the work zone. However, the *Gore* case involved mowing operations performed by an independent contractor. The court in *Gore* found that grass cutting "is not the kind of work that cannot be accomplished without inherent risk of harm to others, nor is it a type that in the ordinary course of performing it harm would be expected. ODOT had no reason to believe that the work, if done properly, would cause injury to anyone. ODOT can contract with independent contractors and should require independent contractors to carry sufficient insurance to cover whatever liability risks are involved. Stated in the words of the third assignment of error, we believe that the duty to cut grass on interstate highways is 'delegable to [an] independent contractor' and that no liability arises from such delegation, including the obligation to look for movable objects before mowing an area." (Citations omitted.) *Gore* at ¶ 31.

{¶9} However, "[w]ork is inherently dangerous when it creates a peculiar risk of harm to others unless special precautions are taken. See *Covington & Cincinnati Bridge Co. v. Steinbrock & Patrick,* (1899), 61 Ohio St. 215, 55 N.E. 618, paragraph one of the syllabus; *2 Restatement of the Law 2d, Torts,* Section 427; *Prosser & Keeton* at 512-513, Section 71. Under those circumstances, the employer hiring the independent contractor has a duty to see that the work is done with reasonable care and cannot, by hiring an independent contractor, insulate himself or herself from liability for injuries resulting to others from the negligence of the independent contractor or its employees. *Covington* at paragraph one of the syllabus." *Gore* at ¶ 20.

{¶10} Further, "'[t]o fall within the inherently-dangerous-work exception, it is not necessary that the work be such that it cannot be done without a risk of harm to others, or even that it be such that it involves a high risk of such harm. It is sufficient that the work involves a risk, recognizable in advance, of physical harm to others, which is inherent in the work itself.' *2 Restatement of the Law 2d, Torts,* at 416, Section 427, Comment b." *Gore* at ¶ 21.

{¶11} "'The inherently-dangerous-work exception does apply, however, when special risks are associated with the work such that a reasonable man would recognize the necessity of taking special precautions. The work must create a risk that is not a normal, routine matter of customary human activity, such as driving an automobile, but is rather a special danger to those in the vicinity arising out of the particular situation created, and calling for special precautions. *2 Restatement of the Law 2d, Torts,* at 385, Section 413*, Comment b*; *Prosser & Keeton* at 513-514, Section 71.' Id." *Gore* at ¶ 23.

{¶12} This court has held numerous times in the past that the duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction and that ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-09343-AD, 2004-Ohio-159.

{¶13} Thus, defendant's claim that liability for any damages, occurrences, or mishaps is imputed to Shelly & Sands, Inc. is without merit as this court has already determined construction work is an inherently dangerous activity. However, in order for plaintiff to prevail on a claim for damage to a motor vehicle while traveling in a construction

zone, the court may only pass judgment on whether plaintiff has shown that ODOT breached its duty to the public in managing the contractor and ensuring the safety of the public within the construction zone. ODOT could be found negligent in this type of case only if it failed to properly manage the contractor by reasonably inspecting the construction site and the work performance of the contractor, or if the agency knew or should have known about the tire that damaged plaintiff's vehicle and failed to remove it or to require the contractor to remove the road hazard.

{¶14} As we consider whether ODOT breached its duty to the public in keeping the construction area safe, the court must take into account that this was an active construction zone. Ohio law is clear that "ODOT cannot guarantee the same level of safety during a highway construction project as it can under normal traffic conditions. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App.3d 346, 354, 683 N.E.2d 112." *Dunlap v. W.L. Logan Trucking Co.*, 161 Ohio App.3d 51, 2005-Ohio-2386, 829 N.E.2d 356, ¶ 30 (10th Dist.).

{¶15} In this case, there is nothing in the record that would allow the court to find that ODOT did not act appropriately to manage the contractor and keep the construction area reasonably safe for the motoring public. Plaintiff did not offer any evidence to counter what was in ODOT's report regarding this element. Therefore, plaintiff's claim must fail.

| | |
|---|---|
| BAMA R. WHITE | Case No. 2023-00033AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | ENTRY OF ADMINISTRATIVE DETERMINATION |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶16} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of the defendant. Court costs shall be absorbed by the court, in excess of the filing fee.

_____
HOLLY TRUE SHAVER
Deputy Clerk

Filed 6/21/23
Sent to S.C. Reporter 9/14/23