[Cite as *Parsons v. Ohio Dept. of Transp.*, 2011-Ohio-4793.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MAUREEN PARSONS

Plaintiff

v.

THE OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2011-02565-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}  1)  In her complaint, plaintiff, Maureen Parsons, alleges that on January 29, 2011, at approximately 1:30 p.m., she was traveling south on Interstate 75, "in the southbound exit ramp for the Glendale Milford Road Exit" when her automobile struck a series of potholes that were "in the shadows under a bridge and are not visible until too late to avoid them." Plaintiff pointed out that there are "numerous potholes in the area that is approximately 60 feet long and 4 feet wide. The many different patches indicate that this area is a continuous problem area." Plaintiff submitted photographs taken February 12, 2011, depicting the area and stated "the potholes have been repaired numerous times but the repairs are not satisfactory for a 65 mph roadway. There are no warning signs posted before the area to warn of the bumps or to slow down." Upon review, the trier of fact notes one of the photographs submitted by plaintiff shows a massive pavement deterioration that spans nearly the entire length of roadway beneath the overpass. The defect is extensive and shows evidence of chronic failed repair efforts.

{¶2}   2)  Plaintiff filed this complaint seeking to recover $376.12, the cost of two replacement tires resulting from the January 29, 2011 incident.  Plaintiff asserted she incurred these damages as a proximate result of negligence on the part of defendant, Department of Transportation (DOT), in maintaining the roadway.  The $25.00 filing fee was paid.

{¶3}   3)  Defendant located the pothole at milepost 14.26 in Hamilton County. According to defendant, one complaint regarding potholes at this location was received on January 27, 2011, and the repair was made the same day.

{¶4}   4)  Defendant explained DOT employees conduct roadway inspections on all state roadways on a routine basis, "at least two times a month."  Defendant denied DOT employees were negligent in regard to roadway maintenance.

{¶5}   5)  Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶6}   Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}   To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶8}   Plaintiff has provided sufficient evidence for the trier of fact to find constructive notice of the pothole has been proven. The photographic evidence plaintiff supplied establishes that the damage-causing defect was massive in size and constituted a recurring problem defendant failed to properly correct.  Pursuant to the holding of *Fite v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-05757, 2009-Ohio-7124, "the massive size of a defect coupled with knowledge that the pothole presented a

recurring problem is sufficient to prove constructive notice." at ¶10.

{¶9} Additionally, the trier of fact finds it is extremely unlikely periodic inspection activity would not have discovered the damage-causing defect at milepost 14.26. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions persuasive that routine patrols were conducted or that the roadway was adequately maintained. Conversely, the trier of fact finds that there is no evidence that the roadway was routinely inspected or that the inspection was adequate. *Kornokovich v. Ohio Dept. Of Transp.*, Ct. Of Cl. No. 2009-05641-AD, 2009-Ohio-7123.

{¶10} Moreover, a pothole patch which deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. According to the investigation report submitted by defendant, plaintiff's vehicle was damaged by a pothole that had been patched as recently as January 27, 2011, and the repair patch had failed by January 29, 2011.

{¶11} The fact that the pothole plaintiff's car struck deteriorated in a time frame of less than two days warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288. See also *Romes v. Ohio Dept. Of Transp.*, Ct. of Cl. No. 2008-01286-AD, 2008-Ohio-4624. Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $376.12, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MAUREEN PARSONS

    Plaintiff

    v.

THE OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02565-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $401.12, which includes the filing fee. Court costs are assessed against defendant.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Maureen Parsons
8523 Deer Path
West Chester, Ohio 45069

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
6/3
Filed 6/15/11

Sent to S.C. reporter 9/21/11