[Cite as *Wickersham v. Ohio Dept. of Transp.*, 2011-Ohio-5721.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN WICKERSHAM,　　　　　　　　　　：　Case No. 2011-02883-AD

　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　　　：　Acting Clerk Daniel R. Borchert

OHIO DEPARTMENT OF TRANSPORTATION,

　　　　Defendant.

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1}　On February 5, 2011, at approximately 4:45 p.m., plaintiff, John Wickersham, was traveling west on State Route 59 through Ravenna when the automobile he was driving struck a pothole causing tire and rim damage to the vehicle.

{¶ 2}　Plaintiff described the roadway defect as a very large crater that covered most of his lane of travel. Plaintiff filed this complaint seeking to recover $505.96, representing costs for a replacement tire and rim. The $25.00 filing fee was paid. Plaintiff's expenses incurred were proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in maintaining the roadway.

{¶ 3}　Defendant did not specifically deny liability, rather defendant filed an investigation report stating that DOT "is not an insurer of the highways nor believes that it was negligent in respect to the maintenance of the area in question." Defendant admitted having actual "notice of the pothole on SR 59 the day of plaintiff's incident." Defendant acknowledged receiving a phone call from the Portage County Sheriff's Office at 11:22 a.m. and that this was "the first notice of this pothole for the Portage County Garage and the Akron Office."

{¶ 4}   Defendant suggested the damage-causing pothole probably "existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 5}   Defendant explained DOT personnel conduct roadway inspections on a routine basis, once or twice a month, and that "maintenance crews were performing snow plowing activities" during February 2011 such that "every opportunity they had they promptly did pothole patching as soon as it was reported."   Defendant pointed out that SR 59 "was in good condition at the time and in the general vicinity of the plaintiff's incident.."

{¶ 6}   Plaintiff did not present any evidence to indicate the length of time the damage-causing pothole existed prior to the February 5, 2011 incident, which occurred around 4:45 p.m.   Defendant acknowledged receiving actual notice of the pothole at approximately 11:22 a.m. on February 5, 2011.

CONCLUSIONS OF LAW

{¶ 7}   Defendant must exercise due care and diligence in the proper maintenance and repair of highways.  *Hennessey v. State of Ohio Highway Department* (1985), 85-02071-AD.   Breach of this duty, however, does not necessarily result in liability. For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 8}   Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 9} To establish a breach of duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the incident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v. Dept. of*

*Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. Based on the rationale of *McClellan*, defendant is liable for all damages claimed. Evidence has shown DOT had actual notice of the damage-causing pothole and failed to respond in a reasonable time after receiving this notice. *Miller v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-03547-AD, 2005-Ohio-5384. Accordingly, defendant is liable to plaintiff for his damages in the amount of $505.96, plus reimbursement of the $ 25.00 filing fee, pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E.2d 990, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN WICKERSHAM,                                    :    Case No. 2011-02883-AD

    Plaintiff,

    v.                                                            :    Acting Clerk Daniel R. Borchert

OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.


## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $530.96, which includes the filing fee. Court costs are assessed against defendant.


DANIEL R. BORCHERT
Acting Clerk


Entry cc:

John Wickersham  
6226 3rd Avenue  
Kent, Ohio  44240

Jerry Wray, Director  
Department of Transportation  
1980 West Broad Street  
Columbus, Ohio  43223

SJM/laa  
6/8  
Filed 7/27/11  
Sent to S.C. reporter 11/4/11