[Cite as *Porter v. Ohio Dept. of Transp.*, 2011-Ohio-6930.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CAROL A. PORTER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2011-06200-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Carol Porter, filed this action against defendant, Ohio Department of Transportation (ODOT), contending that her vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on US Route 20. In her complaint, plaintiff described the particular damage event noting that she "hit a pothole and busted my tire wide open and bent the rim." Plaintiff recalled the damage event occurred on March 13, 2011, at approximately 5:00 p.m. Plaintiff submitted photographs of the area in question taken on March 16, 2011, which depict a partially-patched linear defect in the center of the roadway. The roadway defect appears to be several feet in length, approximately 8-10 inches wide, and a few inches deep. Plaintiff seeks recovery of damages in the amount of $292.53, the stated total amount for a replacement tire and related repair expenses. The filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant related that plaintiff's incident occurred "at approximate milemarker 1.05 on US 20 in Lorain County." Defendant denied receiving any prior

calls or complaints about a pothole or potholes in the vicinity of that location. Defendant asserted that plaintiff did not offer any evidence to establish the length of time the pothole existed on US 20 prior to her incident.

{¶3}   Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained.   Defendant advised that the ODOT "Lorain County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month."   Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to March 13, 2011.   The claim file is devoid of any inspection record.   Defendant argued that plaintiff has failed to offer any evidence to prove her property damage was attributable to any conduct on the part of ODOT personnel.   Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that one (1) pothole patching operation was conducted within the incident location."   Plaintiff did not file a response.

{¶4}   For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries.   *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.   However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.   If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."   Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶5}   Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.   *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.   However, defendant is not an insurer of the safety of its highways.   See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6}   In order to prove a breach of the duty to maintain the highways, plaintiff

must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is insufficient evidence that defendant had actual notice of the pothole on US 20 prior to March 13, 2011.

{¶7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. Insufficient evidence has been submitted to show that ODOT had constructive notice of the pothole.

{¶9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. A pothole patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618. However, a pothole

patch which may or may not have deteriorated over a longer time frame does not constitute, in and of itself, conclusive evidence of negligent maintenance. See *Edwards v. Ohio Department of Transportation, District 8*, Ct. of Cl. No. 2006-01343-AD, jud, 2006-Ohio-7173. Plaintiff has failed to establish that the pothole that damaged her vehicle had been previously patched or that the pothole was patched with material subject to rapid deterioration. Furthermore, plaintiff also failed to establish the general time frame when the roadway condition depicted in her photographs initially appeared. Plaintiff, in the instant claim, has not produced sufficient evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CAROL A. PORTER

      Plaintiff

      v.

OHIO DEPT. OF TRANSPORTATION

      Defendant

Case No. 2011-06200-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Carol A. Porter                              Jerry Wray, Director
918 Sandalwood Court                 Department of Transportation
Elyria, Ohio  44035                       1980 West Broad Street
                                                   Columbus, Ohio  43223

SJM/laa
8/18
Filed 8/23/11
Sent to S.C. reporter 1/19/12