[Cite as *Chandler v. Ohio Dept. of Transp.*, 2011-Ohio-7024.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELIZABETH CHANDLER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-09471-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Defendant On April 21, 2011, at approximately 2:05 a.m., plaintiff, Elizabeth Chandler, was traveling on "270 S to Alum Creek" when she hit a pothole and damaged the tire and rim on her car. Plaintiff related that she "had to get towed, miss a day of work, and use a taxi to pick up vehicle." Plaintiff asserted that the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to adequately maintain the roadway free of defects. Plaintiff filed this complaint seeking to recover $366.15, the cost of a used tire, new rim, and reimbursement for lost wages, towing expense and taxi fare. Payment of the filing fee was waived.

{¶ 2} Defendant denied liability based on the contention that no DOT personnel had any knowledge of the particular damage-causing pothole prior to the April 21, 2011 incident. Defendant noted that DOT records show no prior calls or complaints were received about the pothole, which defendant located "between mileposts 48.0 and 49.0 on I-270 in Franklin County." Defendant asserted that plaintiff did not produce any evidence to establish the length of time the pothole she hit existed before April 21, 2011

and suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant explained that the DOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered between mileposts 48.0 and 49.0 on I-270 the last time that section of roadway was inspected prior to April 21, 2011. Defendant stated that, "[a] review of the maintenance history [record submitted] for the area in question reveals that two (2) pothole patching operations were conducted *in April at the same location as plaintiff's incident*." (Emphasis added.)

{¶ 3} Defendant's maintenance records for I-270 verify that the two repairs in the same location as plaintiff's incident were performed on April 12 and April 13, 2011.

{¶ 4} For plaintiff to prevail on a claim of negligence she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or

constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Defendant's "Maintenance History" reflects pothole repairs were made in the same location as plaintiff's incident on April 12 and 13, 2011. A pothole patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618. According to the investigation report submitted by defendant, plaintiff's vehicle was damaged by a pothole located in an area that had been recently patched and the repairs had failed by April 21, 2011. See *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288. See also *Romes v. Ohio Dept. Of Transp.*, Ct. of Cl. No. 2008-01286-AD, 2008-Ohio-4624. Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $366.15.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELIZABETH CHANDLER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-09471-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $366.15.  Court costs are assessed against defendant.

                        DANIEL R. BORCHERT
                        Deputy Clerk

Entry cc:

Elizabeth Chandler
6576 Canby Pl.
Reynoldsburg, Ohio  43068

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

10/7
Filed 10/11/11
Sent to S.C. reporter 3/13/12