[Cite as *Miller v. Ohio Dept. of Transp.*, 2012-Ohio-2085.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOROTHY JOAN MILLER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2011-10941-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} On March 18, 2011, at approximately 11:00 a.m., plaintiff, Dorothy Miller, suffered personal injury while cleaning up litter alongside State Route 103 which is adjacent to her property. Specifically, plaintiff injured her left hip and scraped her left elbow when she stepped across a pothole in the roadway and the edge caved in. Plaintiff submitted photographs depicting the pothole which appears to be eight to ten inches wide and approximately two inches deep. Plaintiff has implied her injury was proximately caused by negligence on the part of defendant, Ohio Department of Transportation (ODOT), in maintaining a hazardous condition on SR 103. Consequently, plaintiff filed this complaint seeking to recover $332.32 for unreimbursed medical expenses related to her injury, plus $25.00 for reimbursement of the filing fee. The requisite $25.00 filing fee was paid.

{¶2} Defendant located the pothole near milepost 13.0 on SR 103 in Crawford County. Defendant denied liability and contended that it had no notice of the pothole prior to plaintiff's incident. Defendant explained ODOT employees conduct roadway inspections on all state roadways on a routine basis, "at least one to two times a

month." Defendant denied ODOT employees were negligent in regard to roadway maintenance.

{¶3} In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶5} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the injury. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Moreover, defendant may be held liable for hazardous road conditions only when it has notice but fails to take reasonable measures to correct such conditions. See *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. Upon review of the evidence, the court finds that plaintiff has failed to prove that defendant had actual or constructive notice of the pothole. Accordingly, the court finds that defendant did not breach its duty to maintain the roadway in a reasonably safe condition.

{¶6} Moreover, R.C. 4511.50(B) provides that "[w]here a sidewalk is not available, any pedestrian walking along and upon a highway shall walk only on a shoulder, as far as practicable from the edge of the roadway." Although defendant has a duty to the motoring public, plaintiff failed to prove that defendant owed a duty of care to pedestrians who cross over the roadway in the manner described in plaintiff's complaint.

{¶7} Furthermore, plaintiff had a duty to exercise some degree of care for her own safety while walking. See *Lydic v. Lowe's Cos., Inc.*, Franklin App. No. 01AP-1432,

2002-Ohio-5001, ¶16. Plaintiff admitted that she saw the roadway defect and attempted to cross over the pothole while picking up litter along the roadway. The trier of fact finds that plaintiff failed to use reasonable care for her own safety when she stepped over the pothole and that plaintiff's failure to use reasonable care was the proximate cause of her injuries. See *Kemer v. Ohio Dept. of Transp.*, Franklin App. No. 09AP-248, 2009-Ohio-5714; *Takacs v. Ohio Dept. of Transp.*, Franklin App. No. 99AP-378. In the present claim, plaintiff has failed to produce sufficient evidence to establish the hole she stepped into was not open, obvious, and readily discernible. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DOROTHY JOAN MILLER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-10941-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Dorothy Joan Miller
4775 State Route 103
New Washington, Ohio 44854

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
1/9
Filed 1/27/12
Sent to S.C. reporter 5/10/12